

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DEREK KIRK,

    *Plaintiff*,

vs.

KEN FURLONG, *et al.*

    *Defendants*.

3:13-cv-00490-MMD-VPC

ORDER

This prisoner civil rights action comes before the Court on plaintiff's motion styled as a motion (#11) for a continuance. Plaintiff seeks, *inter alia*, a 120-day extension of time within which to file an amended complaint.

When plaintiff Derek Kirk commenced this action, he was detained in the Carson City Detention Center (CCDC). He alleged in the original complaint that: (a) non-legal mail to and from CCDC inmates was being allegedly unconstitutionally monitored, censored and restricted; and (b) CCDC inmates who were taking medication were being denied an alleged right to attend church with rest of the general inmate population at the facility. In the prayer, plaintiff stated: "I'm only asking [for] injunctive relief from these unconstitutional policy's [sic]."

Kirk thereafter was transferred to the custody of the Nevada Department of Corrections (NDOC). On November 13, 2013, the Court dismissed the action without prejudice as moot, entering final judgment. Plaintiff filed a timely Rule 59 motion seeking to vacate the judgment so that he could be allowed an opportunity to amend the complaint to, *inter alia*, add a prayer for damages. The Court granted the motion and gave plaintiff thirty days to amend the complaint.

In the present motion, plaintiff seeks an extension of "possibly 120 days." Plaintiff asserts, *inter alia*, that: (a) the action for equitable relief is not moot because the violation allegedly is capable of repetition yet evading review; (b) he maintains an "interest in a permanent change to policy to protect all persons at this institution;" (c) upon further research, he believes a class action is necessary to obtain the relief that he seeks; (d) a class action will require counsel, and he therefore is seeking assistance from several non-profit organizations, some of which allegedly have recently won cases related to the same policies; and (e) his law library access is limited, making his legal research "slow going."

Plaintiff further requests that a dismissal not count as a "strike" under the Prison Litigation Reform Act (PLRA) and that he not be required to pay the filing fee, as he allegedly has acted in good faith. He concludes the motion with the statement: "Otherwise, I will be forced to file yet another 1983 for a Lewis v. Casey injury."

The request for an extension will be granted only in part, to the extent of a 60 day extension. Even allowing for limited prison law library access, plaintiff does not need 120 days to file an amended complaint, whether seeking damages, injunctive relief, and/or class action relief. The Court expresses no opinion at this juncture, over and above what was held previously herein regarding injunctive relief, as to whether plaintiff can successfully pursue the relief that he discusses in the motion on an amended complaint. Plaintiff does not need more than what will exceed 90 days in the aggregate under this order and the prior order to file an amended complaint and/or to seek an attorney to take the case.

With regard to plaintiff's remaining requests, he must pay the full filing fee in this action under the PLRA without regard to whether or not he allegedly is proceeding in good faith. Moreover, the question of whether a civil action will constitute a strike under the PLRA will turn upon whether the action is dismissed on a basis stated in 28 U.S.C. § 1915(g). If plaintiff believes that he will be forced to file another civil rights action, such an action also will be subject to the fee payment requirements of the PLRA and also possibly to § 1915(g) depending upon the disposition of that action. Meanwhile, the prospect that plaintiff might file further litigation provides no occasion for granting relief herein.

IT THEREFORE IS ORDERED that plaintiff's motion styled as a motion (#11) for a continuance is GRANTED IN PART and DENIED IN PART, such that plaintiff shall have sixty (60) days from entry of this order within which to file an amended complaint. If plaintiff does not timely mail an amended complaint to the Clerk for filing that eliminates the prior basis for dismissal herein, final judgment again will be entered dismissing the action without further advance notice.

DATED: June 23, 2014.

_____
VALERIE P. COOKE
United States Magistrate Judge

-3-